# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 00 CR 636 |
| v. ) | |
| ) | Judge Wayne R. Andersen |
| JOZEF FIGURA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM, OPINION AND ORDER

This case arises from defendant Jósef Figura's petition for a writ of coram nobis, pursuant to 28 U.S.C. § 1651(a) and the Fifth and Sixth Amendments to the United States Constitution, to vacate his conviction in the above captioned case. Figura alleges three errors with his conviction: (1) upon advice of counsel he pled guilty to a charge of knowingly receiving stolen property despite not possessing the requisite criminal intent, in violation of his Fifth Amendment right to due process; (2) he did not fully understand the terms of the agreement under which he pled guilty; and (3) he pled guilty in reliance on an incorrect representation that he would not suffer any adverse immigration consequences, in violation of his Sixth Amendment right to effective assistance of counsel.. For the following reasons, Figura's petition for a writ of coram nobis is denied.

## BACKGROUND

Figura immigrated to the United States from Poland in 1989 at the age of 19. In 1997, he became a permanent resident of the United States. For the past 12 years, he has run his own business as a mechanic. Around August 10, 1995, Figura was contacted by a friend who asked if he was interested in helping sell VCRs to his friends and co-workers. Figura agreed and accepted

approximately 100 VCRs. He successfully sold 50-55 of the VCRs and returned the remaining 45-50 VCRs to his friend. As a result of this transaction, Figura was arrested, charged, and pled guilty to knowingly receiving stolen goods that had traveled through interstate commerce.

On August 20, 1996, Figura, in the presence of his attorney, met with agents from the Federal Bureau of Investigation. That meeting was conducted in English and without the aid of an interpreter. At the meeting, Figura voluntarily agreed to provide information regarding his involvement with the allegedly stolen VCRs. Figura stated that he met the friend providing the VCRs at the rear of a business and observed a trailer containing several hundred Panasonic VCRs. Figura helped unload the VCRs which were subsequently transported to his apartment. The government alleges that Figura took custody of approximately 110 VCRs and tried to sell them for $100 to $130 each. Further, Figura was allowed to keep any money in excess of $100 per VCR and 10 VCRs for his own use as additional payment. During the course of the meeting, Figura admitted that he "believe[d] that the Panasonic VCRs were stolen based on the circumstances under which he received them and the price that Gasior [Figura's friend] wanted to sell them to him for." Government's Response Exhibit 4, p.3.

On August 9, 2000, shortly before the expiration of the statute of limitations, Figura was indicted on a one-count indictment alleging that he knowingly bought, received or possessed goods exceeding $1,000 in value, specifically approximately 110 Panasonic VCRs, which had been stolen and shipped interstate, in violation of 18 U.S.C. § 659. Figura entered into a plea agreement with the government on October 26, 2000. The negotiated plea agreement specified that he would receive a recommendation for an unspecified reduction in his sentence pursuant to U.S.S.G. § 5K1.1 if he agreed to cooperate with the government. The plea agreement took place in the courtroom and

Figura had the benefit of a Polish interpreter. The following exchange between the court and Figura took place:

> The Court: Are you pleading guilty to Count One [in the indictment] because, in fact, you are guilty of the charge in that count?
>
> Petitioner: Yes.
>
> The Court: According to the plea agreement, … you received goods having a value in excess of a thousand dollars; namely, 110 Panasonic VCRs which had been stolen and carried away from the Chicago Northwestern and Union Pacific Railroad yard in Chicago, … ***you knew they were stolen*** and that that constitutes a violation of Title 18, United States Code, Section 659. Is that true?
>
> Petitioner: Yes, your Honor.
>
> The Court: On or about August 10th, 1995 a container with a value of about $540,000.00 worth of VCRs was shipped in a trailer worth about $12,000.00.... You received a call … from a person known as Individual A who asked you whether you could sell 100 Panasonic VCRs and ***you knew the VCRs were stolen*** and agreed to buy some [of] them for $100.00 apiece…. You observed hundreds of stolen Panasonic VCRs inside. Individual A and B loaded about 50 of them into [Individual] A's can and into your car. You, Individual A and Individual B drove to your residence where they were unloaded and thereafter, you [Individuals] A and B returned to the trucking company and loaded another 50 VCRs into the can and the car and brought them back to your residence. In all you received 110 Panasonic VCRs, each of which had a fair market value of about $251.00. Is all that true?
>
> Petitioner: Yes.

Government Response, p. 4-5, Exhibit 2 p. 4-5 (emphasis added).

On December 27, 2000, Figura and his attorney met with the United States Probation Department for an interview for the presentence report ("PSR"). The PSR suggests that the interview was conducted entirely in English and during which, Figura admitted that the facts in the negotiated plea agreement were "an accurate representation of what occurred." Government's Response, p. 5. Further, Figura told the probation officer than when he first moved to the United States he attended evening classes at Richard J. Daley College in Chicago, Illinois, to learn English.

3

On February 6, 2001, Figura's sentencing hearing was held. During the sentencing hearing, he again had the benefit of a Polish interpreter. This court sentenced Figura to five years probation. He did not appeal his conviction or sentence. Other than the current petition for writ of coram nobis, no motions or petitions challenging his conviction or sentence were ever filed. Currently, Figura faces the threat of deportation.

Figura now contends that his conviction was entered in violation of his Fifth and Sixth Amendment rights. First, he argues that he did not know the VCRs were stolen when he took possession of them and thus he lacked the requisite criminal intent for the crime to which he pleaded guilty. Second, Figura contends that he only speaks English as a second language and cannot read or write English without assistance. He stated that the he did not read or understand all the provisions of the plea agreement before he signed the plea agreement and that the plea agreement was not read and interpreted into Polish before he signed the agreement, so when he signed he was acting in reliance on counsel.

Third, Figura contends that his attorney during in the time preceding his guilty plea and sentencing left him with the incorrect impression that he would not suffer any adverse immigration consequences as a result of pleading guilty to the offence with which he was charged. Specifically, he states that he asked his counsel and counsel for the government about adverse consequences stemming from his plea. Counsel for the government answered that he did not intend to contact immigration about the case. Figura further alleges that his counsel did not inform him of the possibility of deportation proceedings or the detrimental impact that pleading guilty to a felony would have on his permanent resident status. Defendant Joséf Figura's Petition, p.3. However, the government alleges that Figura's own statement "My attorney did not tell me that I would have

problems with immigration because of this case" Government's Response, p. 19 citing Defendant's Affidavit, paragraph 3, shows that his attorney did not make an affirmative misrepresentation of potential negative immigration consequences.

## **ANALYSIS**

I.      **Standard for a Writ of Coram Nobis**

A petition for writ of coram nobis is a remedy available at common law, preserved by the All Writs Act, 28 U.S.C. § 1651, which is intended to correct fundamental errors of fact. *United States v. Addonizio,* 442 U.S. 178, 186 (1979). However, the All Writs Act is only a residual source of authority, thus when "a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996). The writ of coram nobis is intended to be "limited to defects that sap the proceeding of any validity." *United States v. Doe*, 867 F.2d 986, 988 (7th Cir. 1989)(citing *United States v. Keane*, 852 F.2d 199, 203 (7th Cir. 1988)). Moreover, as the court explained in *Keane*, the remedy of coram nobis is restricted because "[t]he reason to bend the usual rules of finality is missing when liberty is not at state. Courts must conserve their scarce time to resolve the claims of those who have yet to receive their first decision." *Keane*, 852 F.2d at 203.

To justify granting the writ of coram nobis, Figura must show that (1) the claim could not have been raised on direct appeal, (2) the conviction resulted in "lingering civil disabilities," and (3) the error is such that it "would have justified habeas corpus relief pursuant to 28 U.S.C. § 2255." *Doe*, 867 F.2d at 988. Consequently, as a threshold matter, Figura must demonstrate that he could not have raised his claims in a habeas corpus petition filed pursuant to 28 U.S.C. § 2255. If he surpasses the threshold question, he then must additionally demonstrate that his claims meet the

three-prong standard articulated by the 7th Circuit in *Doe* in order for the petition to succeed. *Doe*, 867 F.2d at 988.

## II. Figura's Claims Were Suitable for Resolution Under 28 U.S.C. § 2255

Figura asserts that the habeas corpus procedure pursuant to 28 U.S.C. § 2255 was not available to him because he was never held in custody. Defendant Joséf Figura's Petition, p.10. However, Figura was sentenced to five years probation on February 6, 2001. Government Response, p.6. For the purposes of habeas corpus petition, the Supreme Court considers probation a form of custody. *Virsnieks v. Smith*, 521 F.3d 707, 717 (7th Cir. 2008)(citing *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963)). Consequently, his five years of probation constitutes custody. Since Figura was eligible to file a habeas corpus petition and chose not to do so, he fails to meet the threshold requirement for coram nobis relief. Further, this court should not award him relief under a writ of coram nobis when he had other earlier opportunities to pursue relief. *United States v. Correa-De Jesus*, 708 F.2d 1283, 1286 (7th Cir. 1983) ("[l]aches is a bar to the bringing of a motion for a writ of coram nobis"). The All Writs Act Does Not Authorize Figura's Petition

## III. The All Writs Act Does Not Authorize Figura's Petition

Figura, relying on the residual authority of the All Writs Act, 28 U.S.C. § 1651, asserts that despite not filing a habeas corpus petition he nonetheless satisfies the threshold requirements for coram nobis relief. First, he argues that he satisfies the first prong of the three-prong standard, *Doe*, 867 F.2d at 988, because he could not have raised his claim on direct appeal because he was not aware of any errors in the original proceeding until he became the subject of deportation proceedings. Defendant Joséf Figura's Reply, p. 10-12. However, the record demonstrates that Figura was aware of, and likely concerned about, the possibility of immigration consequences.

6

Figura admitted in his petition that prior to entering the plea agreement he asked counsel if there would be any adverse consequences to him as a result of his plea. Defendant Joséf Figura's Petition, p. 3. By asking this question, Figura demonstrated that he was aware of the potential adverse immigration consequences.

Additionally, Figura does not present any explanation as to why he was unable to raise his ineffective assistance of counsel claims on direct appeal. If Figura believed he entered a guilty plea to a crime that he did not commit, or if he did not understand the terms of his plea agreement, he would have been aware of those facts shortly after pleading guilty. Consequently, Figura has failed to demonstrate that he could not have raised the claim of adverse immigration consequences or his claims of ineffective assistance of counsel on direct appeal.

Second, even if Figura satisfied the first prong of the *Doe* standard, his claim still fails with respect to the third prong, which requires that the claimed error "justif[y] habeas corpus relief, pursuant to 28 U.S.C. § 2255." 867 F.2d at 988. Under 28 U.S.C. § 2255 in order to get relief a petitioner must make a showing of "cause and prejudice." *United States v. Correa-De Jesus*, 708 F.2d 1283, 1285-86 (7th Cir. 1983). To establish cause and prejudice, the petitioner must show that he was blocked from asserting his claim and that the resultant errors "'worked to his actual and substantial disadvantage,' infecting his entire trial with error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 514-15 (7th Cir. 2004)(citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). Figura produced no evidence that shows he was prevented from asserting his claim prior to filing the current petition. Second, Figura failed to establish that his plea was constitutionally defective.

The record is replete with evidence that demonstrates Figura had the requisite criminal intent

for the crime with which he was charged and understood the charges to which he pled guilty. The background section highlights four instances where he admits that he knew the VCRs were stolen. First, Figura admitted he knew the VCRs were stolen during the interview with F.B.I. agents at which his attorney was present. The second instance occurred during the presentence report interview when Figura stated that the plea agreement was "an accurate representation of what occurred." Government's Response, p. 5. The third and fourth instances occurred during the change of plea hearing, at which a Polish interpreter was present. Figura stated that he was guilty of the charges against him and that he understood the charges against him. At no point during this hearing did Figura object to the terms of the plea agreement or the specifics of the offense with which he was charged. Based on these separate and repeated admissions, this court believes that Figura understood the charges to which he pled guilty and pled guilty because he believed he was guilty of those charges.

Additionally, this court finds that his Sixth Amendment right to effective assistance of counsel was not violated. Specifically, Figura alleges that his right was violated when he entered the plea agreement in reliance on an incorrect affirmative representation that he would not suffer any adverse immigration consequences. To succeed on an ineffective assistance of counsel claim, a defendant must satisfy the two-prong test described in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that (1) "counsel's performance was deficient" such that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) "the deficient performance prejudiced the defense" to such an extent as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. However, Figura is unable to make the necessary showing because an attorney's failure to inform

his or her client of adverse immigration consequences of a conviction does not constitute ineffective assistance of counsel. *United States v. George*, 869 F.2d 333, 338 (7th Cir. 1989). Consequently, Figura cannot demonstrate the requisite cause and prejudice, as a result of his decision to plead guilty, for his petition for a writ of coram nobis to succeed.

## **CONCLUSION**

For the foregoing reasons, Jósef Figura's petition for writ of coram nobis is denied.

It is so ordered.

                                                                           _____
                                                                           Wayne R. Andersen
                                                                           United States District Court

Dated: April 30, 2009